UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALI ALAWI,<br><br>    Plaintiff,<br><br>vs.<br><br>AMCO INSURANCE COMPANY, a CALIFORNIA Corporation, DOES 1-50, inclusive,<br><br>    Defendants. | Case No: C 13-3353 SBA<br><br>**DISMISSAL ORDER** |

On October 9, 2012, Plaintiff Ali Alawi ("Plaintiff") commenced the instant action against Defendant AMCO Insurance Company ("Defendant") in the Superior Court of California, County of Alameda, alleging a claim for breach of contract. Compl., Dkt. 1. On July 18, 2013, the action was removed to this Court based on diversity jurisdiction. Notice of Removal, Dkt. 1. On July 25, 2013, Defendant filed a motion to dismiss and a motion to strike. Dkt. 9. On July 29, 2013, the action was reassigned to the undersigned. Dkt. 12. On July 30, 2013, Defendant renoticed its motion to dismiss and motion to strike for hearing on October 1, 2013. Dkt. 15.

Under Civil Local Rule 7-3, any opposition or statement of non-opposition to a motion is due no later than two weeks after the filing of the motion. This Court's Standing Orders specifically warn that the "failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion." Civil Standing Orders at 5, Dkt. 13. Following Plaintiff's failure to file a timely response to Defendant's motion to dismiss and motion to strike, the Court issued an Order directing Plaintiff to file a response to the motions by no later than October 7, 2013. To date, Plaintiff has filed nothing in response to the motions.

An action may be dismissed under Rule 41(b) for failure to prosecute or to comply with a Court order.  See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a district court may dismiss an action pursuant to Rule 41(b) sua sponte for a plaintiff's failure to prosecute or comply with a court order); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("the district court may dismiss an action for failure to comply with any order of the court").  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal.  With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  This is particularly true in the instant case where Plaintiff has impeded the Court's ability to move this case forward by failing to respond to Defendant's motion to dismiss and motion to strike, and by failing to respond to the Court's September 30, 2013 Order.

The second factor, the Court's need to manage its docket, also militates in favor of dismissal.  See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d at 990 (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket").  The Court cannot manage its docket if it maintains cases where, as here, a Plaintiff disregards Court Orders and fails to prosecute his case.  The Court must devote its limited resources to cases in which the litigants are actually proceeding.

1    The third factor, the risk of prejudice to the defendants, generally requires that "a defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  Pagtalunan, 291 F.3d at 642.  At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting."  Id.  Here, Plaintiff has offered no explanation for his failure to respond to Defendant's motions or the Court's September 30, 2013 Order.  These facts weigh strongly in favor of dismissal.  See Yourish, 191 F.3d at 991-992.

As for the fourth factor, the Court has already considered less drastic alternatives to dismissal.  The Court issued an Order affording Plaintiff additional time to respond to the Defendant's motions and expressly warned him that the failure to comply with the Court's September 30, 2013 Order would be deemed sufficient grounds to dismiss this action.  "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."  Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety.  Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).  Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b).  The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 9/30/2013

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge